RAMSEY, J.
—The action was brought to recover damages for a libel published by defendant against the plaintiff. The publication took place on the 4th day of March, 1893, and the statute of limitations would have run against the cause of action on the 4th day of March, 1895. On the 15th day of February, 1895, a summons in the action was delivered to the sheriff of Hew York county to serve upon defendant, who resided in that county. The sheriff was unable to find the defendant in the county, so as to serve the process upon him, and so returned; and thereupon, upon due proof, a justice of this court made an order for service of the summons by publication, pursuant to subdivision 6, § 438, Code Civ. Proc. The defendant did not appear in the action, and in due time his default was taken, the damages were assessed, and judgment for a substantial amount was entered against him, which he moved to vacate for the reason that, the action being for a libel, no attachment could be issued, and therefore no judgment could be entered on any other than personal service. A libel is an injury to the person. Code Civ. Proc. § 3343, subd. 9. The judgment in this action was entered on the 17th day of July, 1895. The Code forbids the entry of a judgment for a sum of money only, in any action, except one of those specified in 'section 635. Code Civ. Proc. § 1217. At that time an action for an injury to the person'was not mentioned in sectoin 635. Therefore, although service by publication could be made against a resident defendant in an action for libel, under circumstances such as existed here, no judgment could be entered against him by default. It was a plain defect in the law, which has since been cured. Whether the law goes merely to the remedy, and therefore the change *474 in it which took effect on the 1st day of September, 1895, is now available to the plaintiff, is a point on which we express no opinion. It is sufficient to say that, under the law as it stood in July, there was no authority to enter a judgment upon default in appearing, in actions of this kind, upon service by publication only, against a resident, where no attachment was or could be granted; and for that reason the order must be affirmed, with $10 costs and disbursements. ■ .
All concur.